■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARLEY SPOONER, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered July 31, 1990, convicting defendant upon his plea of guilty of the crime of insurance fraud in the third degree.

In January 1990, defendant was arrested and charged in the City of Schenectady, Schenectady County, with third degree sexual abuse, a class B misdemeanor *(see,* Penal Law § 130.55). Later that month, defendant was again arrested and charged, apparently by felony complaint issued in Schenectady, with an unrelated crime of first degree rape. While on trial in Schenectady City Court on the sexual abuse charge, the District Attorney's office informed defendant that a charge of third degree insurance fraud *(see,* Penal Law § 176.20) would be brought against him based on allegations that he dumped an

automobile into a body of water in an attempt to collect the proceeds of an insurance claim. Defendant subsequently agreed to plead guilty to both the sexual abuse charge and the insurance fraud charge in full satisfaction of the felony complaint alleging first degree rape. City Court accepted defendant's plea of guilty to third degree sexual abuse in full satisfaction of the rape charge with an understanding that the District Attorney's office "will recommend to the County Court Judge that you not be given more than two to six [years in prison on the insurance fraud conviction]". Defendant then waived indictment by the Grand Jury and pleaded guilty in County Court to a superior court information charging him with third degree insurance fraud, also in full satisfaction of the rape charge. The plea was apparently accepted in full satisfaction of "potential Environmental Conservation Law violations" stemming from the automobile dumping as well. Defendant now appeals his conviction on the insurance fraud charge, for which he received a prison sentence of 2 to 6 years to run, by agreement, concurrently with a 90-day sentence for the sexual abuse conviction.

We affirm. We reject defendant's contention that he was placed in double jeopardy by twice pleading guilty to charges in full satisfaction of the first degree rape charge. The record is replete with evidence of a negotiated agreement reached by the parties that defendant would plead guilty to both the sexual abuse charge and the insurance fraud charge in order to avoid prosecution for first degree rape. The fact that City Court, which has no trial jurisdiction over felonies (see, CPL 10.20 [1] [a]; 10.30 [1]), accepted defendant's plea of guilty to third degree sexual abuse in full satisfaction of the rape charge is of no moment as the record reveals that County Court, which as a superior court has exclusive trial jurisdiction of felonies (see, CPL 10.20 [1] [a]), actually certified defendant's conviction for insurance fraud to be in full satisfaction of the rape charge. In any event, it is clear that defendant bargained for a dismissal of the rape charge in return for his guilty pleas in City and County Court and that he knowingly and voluntarily entered his plea of guilty to third degree insurance fraud in accordance with that bargain. Inasmuch as defendant avoided prosecution for the first degree rape charge pursuant to the negotiated agreement with the District Attorney's office, we find no basis upon which defendant could have twice been placed in jeopardy for the same crime.

We find equally meritless defendant's claim of ineffective

assistance of counsel. As noted previously, defendant's counsel did not expose defendant to double jeopardy, but instead facilitated the negotiated pleas in accordance with defendant's desire to avoid prosecution on the charge of first degree rape. In our view, defendant's representation was in all respects adequate and meaningful *(see, People v Baldi,* 54 NY2d 137).

Finally, we summarily reject defendant's argument that his plea of guilty to third degree insurance fraud was not voluntarily and intelligently made, and also find that his bargained-for sentence was neither harsh nor excessive.

Levine, Mercure, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed.